## DESIRE CHABOT *vs.* JOSEPH A. PAULHUS.

### JUNE 13, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ

(1) *Minors. Contracts. Rescission. Intoxicating Liquors. Sale to Unlicensed Minor.*

In an action of assumpsit brought by a minor to recover back the purchase price of a liquor saloon and its contents, it appeared that after six weeks he made a formal tender of the saloon and contents and key accompanied by a written rescission of the contract:—

*Held,* that the sale was not within the rule contended for by defendant, that a minor could bind himself by a contract beneficial to him, inasmuch as a minor is disqualified by law from obtaining the license required for engaging in the liquor business.

*Held,* further, that in thus selling liquors to a minor, defendant committed an illegal and criminal act.

*Held,* futher, that as under the provisions of Gen. Laws, cap. 123, §§ 7, 60, and 61, an unlicensed adult would be entitled to recover so much of the purchase money as represented the price of the liquors sold, so much the more would an unlicensed minor be entitled to recover under similar circumstances, and therefore the objection of defendant that the liquors returned were not equal in value to those sold, was untenable, even if defendant were otherwise entitled to be placed *in statu quo.*

(2) *Minors.   Misstatement of Age.   Contracts.*

A minor is not prevented from disaffirming a contract and upon return of what
  he received, suing for the purchase price, because of a misstatement of his
  age, inasmuch as such a misstatement would not give him the capacity to
  contract.

ASSUMPSIT.    Heard on exceptions of defendant and over-
ruled.

BLODGETT, J.   This is an action of assumpsit brought by a
minor, through his next friend, to recover back four hundred
dollars which the infant plaintiff paid to the defendant on June
13, 1908, as the purchase price of a liquor saloon and its con-
tents.    After the lapse of a month and a half he offered the
premises back to the defendant, and on July 31, 1908, a formal
tender of the saloon and contents and the key of the saloon was
made by the delivery to the defendant by the plaintiff and a
constable of the following signed written communication:

"FISKEVILLE, R. I., July 31, 1908.
MR. JOSEPH A. PAULHUS,

SIR:—In the matter of the contract entered into by me with
you under date of thirteenth day of June, A. D. 1908, for the
purchase by me of your saloon, including fixtures and the stock
in trade, as set forth in a certain bill of sale signed by you on
said thirteenth day of June, A. D. 1908, for the sum of four
hundred dollars, which said sum was paid you by me, I hereby
notify you by reason of the fact that I was, at the time of mak-
ing said contract, not of age, I hereby rescind said contract
and tender you the key to said saloon and the saloon itself and
its contents, as set forth in the bill of sale hereinbefore referred
to, and make formal demand upon you for the return of the
money which was paid you by me in pursuance of said contract,
viz:, four hundred dollars."

The plaintiff has had nothing to do with the saloon since.

It was admitted by the defendant at the trial in the Superior
Court that the plaintiff was a minor, both at the time of the sale
and at the time of the alleged tender and disaffirmance thereof.

The defendant contended at the trial that the plaintiff had misrepresented his age to the defendant when he entered into the agreement with him, and that the plaintiff had not returned, or offered to return, four dollars which the defendant paid him for rent of a room over the saloon. At the conclusion of the testimony the trial justice directed the jury to return a verdict for the plaintiff for $400.

(1)     The defendant has presented a bill of exceptions to this court alleging as his sole exception that the court erred in directing the verdict for the plaintiff.

The defendant relies on the expression of this court in *Pardey* v. *American Ship Windlass Co.*, 20 R. I. 149, as follows: "For, though it is true generally that a minor cannot bind himself by his contracts, for want of legal capacity, it is equally well settled that he may bind himself by a contract for necessaries, if reasonable, or by a contract beneficial to him," and claims that inasmuch as the business was a profitable one financially the plaintiff cannot disaffirm the sale. But the sale of a liquor saloon to a minor is not even within the rule for which he contends, being neither necessary nor beneficial to the minor inasmuch as he is disqualified by law from obtaining the license required for engaging in the liquor business. Moreover, the defendant overlooks the fact that in thus selling liquors to a minor he commits an illegal and criminal act, punishable by statute by both fine and imprisonment, as well as forfeits his own license and renders his bondsman liable on his bond as well as renders himself ineligible for a license for the term of five years. Cap. 543, Pub. Laws, passed April 29, 1898.

Moreover, were the defendant now suing the plaintiff for the value of said liquors, in addition to the defence of minority, he would be confronted with the provisions of sections 60 and 61 of Chapter 102, General Laws, 1896, which has been re-enacted as sections 60 and 61 of Chapter 123, General Laws, 1909, as follows: "Sec. 60. All payments or compensation for liquors sold in violation of law, whether in money, labor or personal property, shall be held and considered, as between the parties

to such sale, to have been received in violation of law, without consideration and against equity and good conscience." "Sec. 61. No action of any kind shall be had or maintained in any court of this state for the value of any intoxicating liquor drunk upon the premises of the seller or for the possession or value of any liquors held, purchased or sold contrary to the provisions of this chapter." And section 7, Chapter 102, General Laws, 1896, now section 7, Chapter 123, General Laws, 1909, provides, as follows: "No person holding a license under the provisions of this chapter shall sell any of the liquors enumerated in this chapter to any unlicensed dealer in intoxicating liquors, nor to any owner or keeper of any house of ill-fame, having reason to believe that the same are to be resold; and every person holding a license found guilty of violating the provisions of this section shall be fined one hundred dollars and imprisoned thirty days, and shall thereby be disqualified for holding a license of any kind under the provisions of this chapter for a period of five years." And see *McGuinness* v. *Bligh*, 11 R. I. 94 and *Gorman* v. *Keough*, 22 R. I. 47.

If the foregoing considerations would be sufficient to entitle an unlicensed adult proposing to conduct a liquor business to recover so much of the purchase money as represents the price of the liquors sold, an unlicensed minor is *a fortiori*, entitled to a recovery under similar circumstances. And this, without more, disposes of the objection raised by the defendant that the liquors returned were not equal in value to those sold, even if the defendant were otherwise entitled to be placed *in statu quo ante*.

As to the furniture, fixtures and other paraphernalia of the saloon, no question is made, but that the identical goods sold were offered to be returned undamaged. And it is conceded that the money paid for rent by the defendant was paid by the plaintiff to the landlord.

(2) There can be no possible question as to the right of a minor, thus returning what he has received, to maintain his action for the purchase price thereof upon a disaffirmance of his contract, even if he originally misstated his age, a fact which

is denied by him, and is by no means clearly established by the proof, inasmuch as even a misstatement of his age would not give him the capacity to contract which is an incident only of majority in fact.

The defendant's exception is overruled, and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Felix Hebert,* for plaintiff.

*Quinn & Kernan,* for defendant.